UNION TRUST COMPANY OF ROCHESTER, Plaintiff, *v.* LEAH KAPLAN, SARA SARACHAN, GOODMAN A. SARACHAN and Another, Defendants.

Supreme Court, Monroe County, March 5, 1936.

*Sutherland & Sutherland,* for the plaintiff.

*Jacob Ark,* for the defendants Sara Sarachan and Goodman A. Sarachan.

KENYON, J. The above-entitled action is an action for a declaratory judgment. The plaintiff alleges that the principal and interest are now due upon a bond and mortgage upon which the defendants Goodman A. Sarachan and Sara Sarachan are liable. It is also alleged that there are city and county taxes and water rents due upon the mortgaged premises. It demands a judgment declaring (1) whether the plaintiff has a right to a judgment in its favor against the defendants for the unpaid interest on said bond without any forfeiture by the plaintiff, in case it shall bring an action and take judgment for interest only, of any right to pursue the principal

later, or in an action for foreclosure of the mortgage; (2) whether in case the plaintiff shall hereafter pay for the protection of the lien of its mortgage any unpaid tax or water rent upon the mortgaged premises, the plaintiff would have the right to a judgment against the defendants without the forfeiture of its rights set forth in the first specification.

This is a motion to dismiss the complaint upon the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action. A second ground is set forth in the notice of motion that another action is pending between the same parties for the same cause. However, upon the argument, this latter ground was withdrawn. Therefore, the only ground upon which the motion is now before the court is that the complaint does not state facts sufficient to constitute a cause of action.

In a motion of this kind, every allegation in the complaint is to be deemed to be true. The court has the right to dismiss a complaint for declaratory judgment where the facts alleged in the complaint do not warrant the court's exercising its discretion. There are three essential requirements in connection with the bringing of an action for a declaratory judgment: (1) There must be a real controversy; (2) the courts must have jurisdiction of the parties and the cause of action; (3) there must be a necessity for relief by way of declaratory judgment.

The complaint contains no allegation that the defendants deny that they have not paid the interest, or taxes, or water rents due to date. By the twelfth allegation in the complaint the plaintiff sets up simply that the defendants deny that the plaintiff has any right to obtain a personal judgment against the defendants for such interest, or for such taxes, or such water rents if the plaintiff shall pay any such taxes or water rents in the future.

That question has been definitely settled in the case of *Johnson* v. *Meyer* (242 App. Div. 798; affd., 268 N. Y. 701). Consequently, the only possible controversy set up in this complaint asking for a declaratory judgment has now been finally determined as a matter of law. It, therefore, appears upon the authority of the case of *Johnson* v. *Meyer* (*supra*) that there does exist a full and adequate remedy at law, and, consequently, no necessity exists for relief by way of a declaratory judgment.

The principal purpose for a declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to the present or prospective obligations.

The motion is, therefore, granted, with ten dollars costs.

Settle order accordingly.